UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: TESTOSTERONE ) | |
| REPLACEMENT THERAPY ) | Case No. 14 CV 1748 |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 2545 |
| ) | |
| This Document Relates To: ) | |
| *Dick Bechtholdt v. AbbVie Inc.et al.*, ) | |
| Case No. 1:15-cv-9652 ) | |

## ABBVIE DEFENDANTS' NOTICE OF AFFIRMATIVE DEFENSES

Defendants AbbVie Inc. and Abbott Laboratories[1] (collectively "AbbVie"), by and through their attorneys, and in accordance with Case Management Order No. 87, hereby provide this Notice of Affirmative Defenses. Beyond those affirmative defenses specifically enumerated in Federal Rules of Civil Procedure 8(c) and 12(h), and those required to be pleaded as such by applicable state law, AbbVie has confined its affirmative defenses to those additional defenses on which AbbVie bears the burden of proof.[2] Therefore, AbbVie has not pleaded herein, for example, the learned intermediary doctrine, which while applicable to this case, is not an issue on which AbbVie bears the burden of proof. Because medical record collection is ongoing and depositions have not yet occurred, these affirmative defenses are still under investigation and AbbVie reserves its right

---

[1] AbbVie was established at the beginning of 2013 as an independent, publicly traded company from the research-based pharmaceutical business of codefendant Abbott Laboratories, which no longer sells AndroGel in the United States.

[2] The pleading requirement for affirmative defenses is the Rule 8 plausibility standard as defined by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See also Leibowitz v. Bowman Int'l, Inc*., No. 15 C 3021, 2016 WL 6804580, at *9 (N.D. Ill. Nov. 17, 2016) (Kennelly, J.) (citing *Bonte v. U.S. Bank, N.A*., 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))); *see also Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013) (Kennelly, J.) ("affirmative defenses must set forth a short and plain statement of the defense") (citation omitted). The Court directed AbbVie to plead its affirmative defenses with particularity in accordance with Federal Rule 9(b). While that standard is different and applies to allegations of fraud and mistake, AbbVie believes the defenses as pleaded below comply with that standard as well.

to timely amend and/or supplement these affirmative defenses according to the facts uncovered in ongoing discovery.

      1.      Plaintiff's claims may be barred by the doctrines contained in comment k to the Restatement (Second) of Torts § 402A and Section 1714.45 of the California Civil Code. Cal. Civ. Code § 1714.45; *Brown v. Superior Court*, 751 P.2d 470, 482 (Cal. 1988). Under these frameworks, any alleged risks of AndroGel are unavoidable, the benefits of AndroGel justify its marketing despite any alleged risks, AndroGel is properly prepared and marketed, and AndroGel is accompanied by proper warnings. Specifically, while AbbVie maintains that AndroGel is not the cause of Mr. Bechtholdt's myocardial infarction, any alleged risk associated with AndroGel was unavoidable and accompanied by adequate warnings at the time of Mr. Bechtholdt's injury in October 2012. Additionally, AndroGel's benefit of raising testosterone levels to the normal range in hypogonadal men justifies the continued marketing and use of AndroGel despite any alleged risk. AbbVie maintains, and Mr. Bechtholdt does not dispute, that the AndroGel used by Mr. Bechtholdt was properly prepared. Moreover, in 2012, AndroGel was accompanied by specific, FDA-approved warnings including a warning that testosterone may increase hematocrit, which "may increase the risk for a thromboembolic event."

      2.      Plaintiff's claims for breach of express and implied warranty are barred because Plaintiff did not give AbbVie adequate notice of any alleged breach of warranty within a reasonable time. *E.g., Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (applying California law). Mr. Bechtholdt became aware of the alleged breach on October 6, 2012, the date of his myocardial infarction, and provided AbbVie with notice in the form of a Complaint on October 29, 2015, over three years later.

3. Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiff as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan. Specifically, Mr. Bechtholdt is claiming an unspecified amount of out-of-pocket expenses and that he received medical reimbursements from Medicare and BCBS.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrines of assumption of risk and/or comparative negligence. Plaintiff was 67 years old when he began taking AndroGel in or around March 2012. At that time, the label warned that there was insufficient data to assess the efficacy and long-term safety of use of AndroGel 1% in men over 65 years of age. The label also warned that "[a]n increase in red blood cell mass may increase the risk of thromboembolic events" and "may require lowering or discontinuation of testosterone." Plaintiff has a relevant medical history of tobacco use, prediabetes, and hypertension.

5. Plaintiff's damages, if any, may be limited, in whole or in part, by Plaintiff's failure to mitigate. Mr. Bechtholdt has relevant ongoing medical issues, including hypertension.

6. Plaintiff's claims are barred, in whole or in part, because AndroGel is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by the FDA to implement the FDCA, with the purposes and objectives of the FDCA and the FDA's implementing regulations, and with determinations by the FDA specifying the language that should be used in the labeling accompanying AndroGel. Accordingly, Plaintiff's

claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.[3]

7. Plaintiff's claims may be barred, in whole or in part, by California's statutes of limitations. Plaintiff's personal-injury claims are barred by a two-year limitations period under Cal. Civ. Proc. Code § 335.1. Plaintiff's claim for fraud is barred by a three-year limitations period under Cal. Civ. Proc. Code § 338(d). Mr. Bechtholdt's injury accrued on October 6, 2012, but he did not file his complaint until October 29, 2015.

Respectfully submitted,

Dated: January 11, 2018

/s/ *Michelle H. Yeary*

Michelle Hart Yeary
DECHERT LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Tel: (609) 955-3277
michelle.yeary@dechert.com

Nathan E. Hoffman
DECHERT LLP
35 W. Wacker Dr., Suite 3400
Chicago, IL 60601
Tel: (312) 646-5800
nathan.hoffman@dechert.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

---

[3] AbbVie has omitted a defense that claims of a "fraud on the FDA" are preempted under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), which it previously pleaded. This was done with the understanding that Plaintiffs will concede that their claims do not rely on allegations that AbbVie committed fraud on the FDA. Plaintiffs have previously conceded as such with the first group of Bellwethers, and the Court has previously ruled that the issue was therefore moot. (Case Management Order No. 47 at 24.)

## **CERTIFICATE OF SERVICE**

I, Michelle Hart Yeary, hereby certify that on January 11, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notifications of such filing to all registered attorneys of record.


*/s/ Michelle H. Yeary*