IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document applies to:<br>*Dick Bechtholdt v. AbbVie Inc., et al.*<br>Case No. 15-cv-9652 | |

**PLAINTIFF'S LOCAL RULE 56.1 RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiff, through undersigned counsel and pursuant to Local Rule 56.1, provides the following response to Defendants' Statement of Material Facts in Support of their Motion for Summary Judgment.

## THE PARTIES

1. Admit.

2. Admit.

3. Admit.

## VENUE AND JURISDICTION

4. Admit.

5. Admit.

## DEFENDANTS' STATEMENT OF FACTS

6. Admit that Plaintiff asserts nine claims as enumerated. Plaintiff also asserts a claims for punitive damages.

7. Admit.

8. Admit that the Court granted Besins' motion for summary judgment as to Plaintiffs' design defect claims.

9. Admit.

1

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Plaintiff was prescribed AndroGel in May 2012 by Mihaela Marin, MD. Ex. 6, January 15, 2018 Plaintiff Fact Sheet, at 16; Ex. 2 (Marin Dep.) at 95:15-17.

2. Plaintiff resided in Arizona in May 2012. Ex. 6, at 3.

3. Plaintiff believes that ultimately it is his decision whether he is going to use a medication that a doctor has prescribed for him. Ex. 1 (Bechtholdt Dep.) at 199:20-23.

4. Plaintiff saw Dr. Marin for medical treatment in Arizona. *Id.* at 270:4-7.

5. From February 2006 through October 2014, Plaintiff resided at 252 W. Calle Media Luz, Sahuarita, AZ 85629. Ex. 6, at 3.

6. At that time, Plaintiff's habit was to live in Arizona from approximately September or October through May, and to spend the summer, approximately May through September or October, in Iowa. Ex. 1 (Bechtholdt Tr.) at 72:7-23; 271:1-9.

7. Plaintiff's myocardial infarction, the injury at issue, occurred while he was in Iowa in October 2012. *Id.* at 73:7-9; 106:23-24.

8. Plaintiff was an Arizona resident at the time of his heart attack, has never lived in Iowa, and did not own a home in Iowa. Instead, he and his the girlfriend, later wife, spent summers at her home in Iowa and the rest of the year at his home in Arizona. *Id.* at 71:17-73:3.

9. Plaintiff saw advertisements for AndroGel on television, in magazines and possibly in newspapers sometime after he began taking AndroGel. *Id.* at 297:1-299:11.

10. During the summer months he spent in Iowa (approximately May to September), Plaintiff saw primary care physician Patricia Newland, MD. Ex. 5 (Newland Dep.) at 56:11-21.

11. Plaintiff saw Dr. Newland on September 10, 2012 for a well-care visit. *Id.* at 30:19-32:22.

12. Dr. Newland testified that Plaintiff was proactive about asking questions related to his health in general and asked numerous questions so he could learn as much about his healthcare as possible. *Id.* at 91:17-92:1.

13. Dr. Newland testified that she prescribed testosterone for her patients at times prior to the September 10, 2012 visit with Plaintiff. *Id.* at 34:1-16.

14. Dr. Newland also testified that she would have been aware of the AndroGel label in effect at the time of the September 10, 2012 visit. *Id.* at 34:18-23.

15. At the time she saw Plaintiff on September 10, 2012, Dr. Newland did not have concerns about AndroGel increasing risk for myocardial infarction. *Id.* at 34:24-35:16.

16. Dr. Newland testified that, based on what she knew about the risks and benefits of AndroGel at the time she saw Plaintiff on September 10 2012, she did not have any concerns with him continuing to use AndroGel. *Id.* at 35:8-17.

17. Dr. Newland testified that, following the 2015 label change, in discussions with patients about testosterone replacement therapy, she discusses with patients the "potential for increased risk of heart disease [and] stroke with patients as they inquire about it." *Id.* at 43:20-44:21.

18. Dr. Newland testified that the information provided in the 2015 AndroGel label regarding the possible increased risk of myocardial infarction with AndroGel should be provided to patients "so they can make an informed decision about whether to proceed with treatment." *Id.* at 107:25-109:2.

19. Dr. Newland further testified that if she had known about the increased risks set forth in the 2015 label she would have discussed those risks with Plaintiff, would have told him "this could potentially increase your risk of – you know, heart – heart attack and stroke, and I think you should really talk to your urologist about continuing or not continuing." *Id.* at 45:10-47:10.

20. Dr. Newland testified that prior to the 2015 label change she was more comfortable prescribing testosterone replacement therapy without referring a patient to a urologist than she was after the label change. *See id.* at 100:23-101:13.

21. Plaintiff testified that, had he been told about the possible risk of myocardial infarction as described in the 2015 label in 2012 before his heart attack, Plaintiff would have stopped using AndroGel. Ex.1 (Bechtholdt Dep.) at 323:2-13.

22. Dr, Marin is an internal medicine physician who treated Plaintiff from approximately 2011 to 2014. Ex. 6, at 6; Ex. 2 (Marin Dep.) at 62:16-18; 120:11-14.

23. Dr. Marin provided medical care for Plaintiff in Arizona. *Id.* at 16:20-17:11. *See also* Ex. 6, at 6.

24. Dr. Marin stated that the decision to prescribe a medication for an individual patient is one that is made on an individual basis "with the patient's approval" after evaluating whether the benefits outweigh the potential risks. Ex. 2 (Marin Dep.) at 30:10-19.

25. Dr. Marin stated that the decision to prescribe a drug for a patient is a joint decision making process with the patient. *Id.* at 140:3-10.

26. Dr. Marin believes that if a drug manufacturer has information indicating that there is a risk of a drug but do not state so in their label they are depriving the doctor and patient from assessing whether or not the patient should take the drug, and that the drug company should disclose "all the information." *Id.* at 134:1-9; 13-14.

27. Dr. Marin believes that doctors and patients should be made aware of what the side effects and risks of a medication are so that they can make an informed decision as to whether the patient should take the medication and the doctor should prescribe it. *Id.* at 135:1-8.

28. According to Dr. Marin, Plaintiff was proactive enough to ask whether he required additional testing regarding his testosterone levels to ensure that his condition was actually improving. *Id.* at 86:23-88:1.

29. Had Mr. Bechtholdt been informed about a possible increased risk of myocardial infarction with AndroGel before his heart attack in 2012, he would have stopped using AndroGel. Ex. 1 (Bechtholdt Tr.) at 323:2-13.

Dated: July 12, 2018               Respectfully submitted,

                                   */s/ Trent B. Miracle*
                                   Trent B. Miracle
                                   SIMMONS HANLY CONROY
                                   One Court Street
                                   Alton, IL 62002
                                   Phone: (618) 259-2222
                                   Fax: (618) 259-2252
                                   Email: tmiracle@simmonsfirm.com

                                   Ronald Johnson, Jr.
                                   SCHACHTER, HENDY & JOHNSON PSC
                                   909 Wrights Summit Parkway, Suite 210
                                   Ft. Wright, KY 41011
                                   Phone: (859) 578-4444
                                   Fax: (859) 578-4440
                                   Email: rjohnson@pschacter.com

                                   Christopher A. Seeger
                                   Seeger Weiss LLP
                                   55 Challenger Rd., 6FL

Ridgefield Park, NJ 07660
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com


Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiff *Bechtholdt*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

                                                                  */s/ Brendan A. Smith*
                                                                  Brendan A. Smith
                                                                  SIMMONS HANLY CONROY
                                                                  One Court Street
                                                                  Alton, IL 62002
                                                                  Phone: (618) 259-2222
                                                                  Fax: (618) 259-2252
                                                                  Email: bsmith@simmonsfirm.com